# DON S. GORDON v. STATE.

176 N. W. (2d) 97.

March 13, 1970—No. 41586.

*Richard D. Genty,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *Charles C. Johnson,* Fifth District Prosecutor, and *James C. Harten,* County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

OTIS, JUSTICE.

Defendant has been convicted of grand larceny based on a bank loan induced by a fraudulent financial statement. He pled guilty to the charge and appeals from an order of the District Court of Blue Earth County which denied his petition for post-conviction relief.

The information which initiated this prosecution alleges that on February 25, 1963, with intent to defraud the National Bank of Commerce of Mankato, defendant falsely represented that there had been no material change in his financial position since the time he previously furnished the bank with a statement. The information further charged that defendant represented to the bank that he wished to borrow $28,600 for use as a cash bond

on a bid for a sewer contract in Estherville, Iowa. It concluded by asserting that defendant knew these representations to be false, that he did not intend to use the proceeds of the loan for the purposes he described to the bank, and that this offense constituted grand larceny in the first degree in violation of Minn. St. 1961, § 622.05.[1]

After contesting his extradition from Texas, defendant retained his own counsel in Minnesota, was arraigned in the municipal court of Mankato, waived preliminary hearing, and was bound over to the district court. Thereafter, the information was filed, but at his request he was accorded the right to a preliminary hearing and was again bound over. In the district court he pled not guilty but ultimately asked leave to change his plea, which was granted.

In conducting the presentence interrogation, the court came to the conclusion defendant's version of the offense was inconsistent with a plea of guilty. The court therefore entered a plea of not guilty on defendant's behalf. The matter was set for trial and defendant waived a jury. The state produced three witnesses and rested. Thereupon, defendant renewed his motion to enter a plea of guilty and the motion was granted. He was sentenced to an indeterminate term not exceeding 10 years and is now on parole.

Defendant asserts that some 25 errors require reversal. They may be included in five general categories: (1) The prearraignment proceedings were defective; (2) the arraignment proceedings were defective; (3) the trial was constitutionally defective; (4) the court erred in accepting the guilty plea; and (5) defendant was not adequately represented by counsel. We have considered all of these claims and find them to be without merit. The only issue to which we address ourselves deals with the question of intent.

---

[1] Minn. St. 1961, § 622.05, was repealed by L. 1963, c. 753, art. II, § 17.

One fact question of substantial relevance was whether defendant orally represented to the bank that he intended to use the proceeds of the loan to secure a bond for bidding on a municipal sewer contract. However, this matter was squarely presented by the information to which defendant ultimately pled guilty. He does not deny that the financial statement showed him to have title to a 240-acre farm as well as stock in four companies, none of which he actually owned when he applied for the loan. Nevertheless, defendant argues that he cannot be convicted unless the state proves that at the time of the false representation he had no intention of repaying the loan. In support of this position, defendant cites State v. Monson, 168 Minn. 381, 210 N. W. 108. There, the defendant was found guilty of larceny in selling real estate by falsely representing that the title was clear, whereas in fact a mortgage against it had already been foreclosed. By way of defense, the defendant asserted that he intended in good faith to negotiate a loan with which to redeem from the foreclosure sale. In affirming the conviction, we made this observation (168 Minn. 384, 210 N. W. 110):

"* * * We would like the charge better if it had referred particularly to this claim of the defendant with an instruction to the effect that if, when he made the contract and got the money, he in good faith hoped to be able to clear his title and actually intended so to clear it, in the manner already indicated or otherwise, in time to perform his contract, he did not harbor the criminal intent necessary to the offense charged against him and would have to be found not guilty even though, from the start, there had been in fact no basis for his hope and no possibility of his carrying out his intention to perform. But, notwithstanding the omission of any specific charge along that line and in view of the repeated instruction that an actual intent, wrongfully to deprive another of his property, was necessary to the offense, we have concluded that the defendant has not been prejudiced."

The statute which defined larceny at the time of the offense for which defendant was convicted, Minn. St. 1961, § 622.01, provided in part as follows:

"Every person who, with intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person:

"(1) Shall take from the possession of the true owner, or of any other person, or obtain from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing, or secrete, withhold, or appropriate to his own use, or that of any person other than the true owner, any money, personal property, thing in action, evidence of debt, or contract, or article of value of any kind;

\* \* \* \* \*

"Steals such property, and shall be guilty of larceny."

The statute required that there be intent to deprive the owner of the use of the property; the information alleges defendant intended to deprive the bank of the use of its property; and the defendant through counsel of his own selection pled guilty to that charge without raising the issue of intent. It is clear from the record that the bank would not have made the loan had it known that defendant's financial statement was false and had it understood that he intended to divert the proceeds to purposes other than bidding on a municipal sewer contract.

Significantly, defendant did not take the stand at the postconviction hearing to assert an innocent intention contrary to the felonious intent to which he pled guilty. In any event, whatever purpose defendant may have had at the time he falsely represented his assets, the fact that he induced the bank to part with $28,600 on the basis of false representations, but for which the loan would not have been made, was sufficient to constitute grand larceny. Under such circumstances, since the gravamen of the offense is parting with possession induced by false pre-

tenses, we are of the opinion that the elements of the offense do not include proof beyond a reasonable doubt that defendant did not entertain an intention to repay the loan.

Affirmed.